UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ENIS Z. YENERIZ, | No. CV 12-09759-VBK |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | (Social Security Case) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") gave proper

    consideration to the opinions of the treating physician; and
  2. Whether the ALJ gave proper consideration to Plaintiff's testimony.

(JS at 4-5.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed and the matter remanded.

**I**

**THE ALJ DID NOT ARTICULATE SPECIFIC AND LEGITIMATE REASONS TO REJECT THE OPINIONS OF PLAINTIFF'S TREATING PHYSICIAN, DR. KANENGISER**

Plaintiff's severe impairments consist of morbid obesity; probable degenerative joint disease of the bilateral knees; probable obstructive sleep apnea; and major depression. (AR 86.)

The ALJ assessed Plaintiff's residual functional capacity ("RFC") as including a restricted ability to perform light work as defined in 20 CFR § 404.1567(b). The ALJ found that Plaintiff can stand and/or walk up to six hours in an eight-hour workday, and sit for up to six hours in an eight-hour workday. (AR 88.) Plaintiff takes exception to these findings, because his treating physician, Dr. Kanengiser, opined that Plaintiff would not be capable of these exertional activities. Dr. Kanengiser is, without dispute, Plaintiff's treating physician, and is thus entitled to have his opinions accorded "special weight," while at the same time not being treated as necessarily conclusive as to either physical condition or the ultimate issue of disability. See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989); Magallanes

v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). Indeed, it is well established in this Circuit that if the treating physician's opinion is controverted, it may be rejected only on the basis of articulated specific and legitimate reasons. (See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751.) An ALJ may also reject the opinion of a treating physician if it is brief, conclusory or it is not adequately supported by clinical findings. Thomas, 278 F.3d at 957.

In this case, for reasons which are not clearly articulated in the Decision, the ALJ gave "some weight" to Dr. Kanengiser's opinions, which he included in the RFC findings. (AR 91-92.) As to the remaining limitations assessed by Dr. Kanengiser, specifically including the stand/walk and sitting limitations, the ALJ determined to accord them little weight, concluding that, "The assessment on its face lacks medically sufficient diagnostic bases for the extreme limitations assessed." (AR 92.) The ALJ believed that Dr. Kanengiser's progress notes "offer little, if any, clinical signs pain [sic] ... that would support the extreme exertional limitations as assessed." (Id.)

The ALJ instead accepted the stand/walk and sitting limitations assessed by a one-time consultative examiner, Dr. Karamlou, who examined Plaintiff on July 16, 2010. (AR 215-217.) Dr. Karamlou's very brief two-page report appears to reflect a correspondingly brief examination. There is only a passing reference to Plaintiff's knees, which Dr. Karamlou concluded revealed "some tenderness, but ranges of motion appear normal." Contrast this to Dr. Kanengiser's report, in which he summarizes his own objective testing as follows:

"There is evidence of left knee degenerative joint disease

3

with tenderness over the true knee joint, and slight tenderness on the right."

(AR 247.)

Dr. Kanengiser also factored in Plaintiff's morbid obesity by noting that Plaintiff's limitations "are manifold and compounding. His morbid obesity has limited his physical activities due to severe knee pain, back pain, and dyspnea." (AR 248.) There is no discussion in Dr. Karamlou's report of any possible effects on Plaintiff's ability to stand and walk from his knee pain, or his obesity, which are documented.

The Court must therefore search for some possible reasons in the Decision supporting the ALJ's rejection of Dr. Kanengiser's conclusions, based on a "specific and legitimate" reasons basis.

The Commissioner's position is that the ALJ did provide specific and legitimate reasons to reject Dr. Kanengiser's opinions. The Commissioner points out that the ALJ found that there was no objective basis for Dr. Kanengiser's opinion that Plaintiff could not stand/walk for more than two hours in an eight-hour workday, or that he would be unable to perform any postural activities. (JS at 11, citing AR 92, 257-258.) The Court does not find this position to be meritorious, in that Dr. Kanengiser is the treating physician, and in his February 22, 2011 report, which provides the exertional limitations, he indicates that it is based on a comprehensive exam performed on January 19, 2011. (AR 247.)[1] In any event, Dr. Kanengiser's progress notes (AR 254-255) do not simply repeat Plaintiff's subjective complaints; they

---

[1] If the ALJ felt that he required the actual examination test results, he should have developed the record by requesting them.

4

document ongoing treatment.

The Commissioner notes the ALJ's reliance on a history of conservative treatment, or lack of treatment, as a basis for depreciating the severity of Plaintiff's impairments. (See JS at 12-13.) For example, as to sleep apnea, although the ALJ diagnosed this as a severe impairment, Plaintiff was faulted for not pursuing treatment for that condition. (AR 91.) During the hearing, the ALJ asked Plaintiff about Dr. Kanengiser's recommendation that he would need a sleep study, and whether Plaintiff had undertaken this. Plaintiff's response was, "No, Your Honor. Can't afford it." (AR 55.) Plaintiff continued, "It's a significant amount of money and I, I don't have the money to do it." (AR 56.) At the outset of the hearing, Plaintiff testified that he has no income other than he might receive from family and friends as gifts. He stated that, "I just, I, my family gives me money to exist." (AR 35-36.)

There is no evidence in the record that Plaintiff had the financial ability to obtain the types of treatment which the ALJ believes would have successfully treated his impairments.[2] It is beyond question that if a claimant cannot afford medical treatment, the lack of that treatment cannot be held against the claimant. See Gamble v. Chater, 68 F.3d 319, 320-21 (9th Cir. 1995).

---

[2] The Commissioner faults Dr. Kanengiser, and presumably depreciates the credibility of his opinion, by noting that Dr. Kanengiser failed to prescribe "pain or sleep medications." There is no medical evidence in the record in this case from a medical expert or any other source that sleep medications are an effective treatment for sleep apnea, or that pain medications can alleviate mobility limitations in an individual who suffers from morbid obesity and degenerative knee disease. The complexity and interrelatedness of Plaintiff's severe impairments should, on remand, be more carefully addressed by qualified medical professionals.

As Plaintiff persuasively argues in his Reply, what this issue boils down to is that there are two competing opinions: that of the treating physician, and that of the consultative examiner. What is absent in the Decision are specific and legitimate reasons to reject a critical portion of the treating physician's opinion, or even any persuasive reason to accept the contrary opinion of the consultative examiner. For this reason, the matter must be remanded for hearing.

## II

### THE ALJ FAILED TO PROPERLY EVALUATE PLAINTIFF'S CREDIBILITY

Plaintiff testified as to the effects of his physical impairments, in terms of substantial pain, and also the debilitating effects of his depression. The ALJ depreciated the credibility of Plaintiff's assertions, and the Court must determine whether that evaluation should be accorded deference. For the reasons to be set forth, the Court finds that the credibility assessment does not meet accepted standards.

The evaluation of a claimant's credibility is subject to well established case law and Regulations. Briefly stated, the ALJ must set forth clear and convincing reasons to reject pain limitation testimony. Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). Further, there are enumerated factors which must be evaluated in the credibility assessment, which are set forth in 20 C.F.R. §§ 404.1529(c); 416.929(c); and Social Security Ruling ("SSR") 96-7p. See also Sair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).

The ALJ's evaluation of Plaintiff's credibility spans several pages of the Decision (AR 88-91), but a careful reading of the

discussion reveals that it relies upon a similar analysis that was utilized by the ALJ in depreciating Dr. Kanengiser's opinions. The ALJ numerous times comments on a lack of objective findings, a lack of treatment, or conservative treatment. Although the ALJ acknowledged Plaintiff's clear statement at the hearing that he could not afford such things as a sleep study (polysomnography), he was nevertheless faulted through a depreciated credibility assessment for not undergoing such a study. (AR 89.)

With regard to the ALJ's suspicion that Plaintiff voluntarily terminated his prior work for reasons other than debilitating impairments (AR 91), the fact is that the ALJ also found that Plaintiff could not perform his past relevant work because of his severe impairments. (AR 92.)  Further, the fact that Plaintiff has looked for work (AR 91) cannot legitimately be used against him in a credibility assessment. (20 C.F.R. § 404.1574(c).)

All in all, the Court finds that the ALJ's credibility assessment is not based on allowable factors, and on remand, Plaintiff's credibility will be determined <u>de</u> <u>novo</u>.

For the foregoing reasons, this matter will be remanded for further hearing consistent with this Memorandum Opinion.

**IT IS SO ORDERED.**

DATED: October 25, 2013                     /s/
                                    VICTOR B. KENTON
                                    UNITED STATES MAGISTRATE JUDGE

7